# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ALLISON, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00407-ADA-BAM (PC)<br><br>ORDER GRANTING LEAVE FOR PLAINTIFF TO FILE SUPPLEMENTAL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT IN COMPLIANCE WITH FED. R. CIV. P. 56 AND LOCAL RULE 260(b)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants V. Diaz and D. Escalera for excessive force in violation of the Eighth Amendment.

On September 25, 2023, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies before the filing of this action. (ECF No. 28.) The motion was accompanied by a *Rand* warning, pursuant to *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), as well as the requirements for filing an opposition pursuant to Local Rule 260(b). (ECF No. 28-4.)

///

///

## I. Leave to File Supplemental Opposition

Plaintiff timely filed his opposition to Defendants' motion for summary judgment on October 18, 2023. (ECF No. 29.) Defendants filed a reply on October 30, 2023. (ECF No. 30.)

Upon review of Plaintiff's opposition, it appears Plaintiff has failed to file a separate document disputing Defendants' statement of undisputed facts, as required by Local Rule 260(b). The crux of the opposition contends that Defendants' motion for summary judgment was untimely filed, because the deadline for filing motions for summary judgment for failure to exhaust was September 23, 2023, and the motion was not filed until September 25, 2023. (ECF No. 29, pp. 1–2.) The Court further notes that although Plaintiff's first amended complaint is signed under penalty of perjury, (ECF No. 10, p. 15), his opposition to the motion for summary judgment is not, (ECF No. 29, p. 4).

It is well-established that the pleadings of *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atjyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). However, the unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 & n.4 (9th Cir. 1986) (citations and internal quotation marks omitted). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. *Id.* at 1364 n.4 (citation omitted).

As Defendants note in their reply brief, the motion for summary judgment was timely filed. Although Plaintiff is correct that the Court set the deadline for filing motions for summary judgment for failure to exhaust administrative remedies for September 23, 2023, (ECF No. 25), this date fell on a Saturday. Pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), if the last day of a deadline falls on a Saturday, Sunday, or legal holiday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Accordingly, Defendants'

motion for summary judgment was timely filed on Monday, September 25, 2023.

In light of Plaintiff's *pro se* status, the timely filing of his opposition brief, and the apparent confusion caused by the Saturday deadline, the Court is inclined to grant Plaintiff an opportunity to submit a supplemental opposition.

Plaintiff is warned that any submission should comply with the applicable requirements of Federal Rule of Civil Procedure 56, which sets forth what he must do in order to oppose a motion for summary judgment. Plaintiff may not simply rely on the allegations in his first amended complaint, but must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.

Further, Plaintiff must comply with Local Rule 260(b), which requires him to "reproduce the itemized facts in Defendants' Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial." Plaintiff may also "file a concise Statement of Disputed Facts, and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication." *Id.* If additional discovery is needed to oppose summary judgment, Local Rule 260(b) further requires Plaintiff to "provide a specification of the particular facts on which discovery is to be had or the issues on which discovery is necessary."

**II.  Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff may file either:
   a. A supplemental opposition to Defendants' motion for summary judgment, in compliance with Federal Rule of Civil Procedure 56 and Local Rule 260; **or**
   b. Written notice indicating that he does not wish to file a supplemental opposition and that he chooses to stand on the opposition brief filed on October 18, 2023;

2. If Plaintiff chooses to file a supplemental opposition, Defendants may file a supplemental reply within **fourteen (14) days** from the date of CM/ECF filing of Plaintiff's supplemental opposition; and

3. If no supplemental opposition is filed, the Court will decide Defendants' motion for summary judgment on the basis of the pleadings and the existing briefing only.

IT IS SO ORDERED.

Dated:   **November 1, 2023**          /s/ Barbara A. McAuliffe
                                       UNITED STATES MAGISTRATE JUDGE