# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY BRUMMETT, JR., | Case No. 1:22-cv-00407-ADA-BAM (PC) |
| Plaintiff, | ORDER GRANTING DEFENDANTS' *EX PARTE* APPLICATION TO STAY DISCOVERY AND VACATE DISCOVERY AND DISPOSITIVE MOTION DEADLINES PENDING RULING ON MOTION FOR SUMMARY JUDGMENT |
| v. | |
| ALLISON, *et al.*, | |
| Defendants. | |
| | (ECF No. 32) |

Plaintiff Melvin Ray Brummett, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendants V. Diaz and D. Escalera for excessive force in violation of the Eighth Amendment.

On May 23, 2023, the Court issued a Discovery and Scheduling Order setting the deadline for completion of all discovery for January 23, 2024, and the deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) for April 1, 2024. (ECF No. 25.) On September 25, 2023, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. (ECF No. 28.) Plaintiff filed an opposition on October 18, 2023, (ECF No. 29), and Defendants filed a reply on October 30, 2023, (ECF No. 30). Pursuant to the Court's November 1, 2023 order, Plaintiff's supplemental opposition, if any, is due on or before December 4, 2023. (ECF No. 31.)

1

Currently before the Court is Defendants' *ex parte* application to stay discovery and vacate discovery and dispositive motion deadlines pending ruling on motion for summary judgment, filed November 20, 2023. (ECF No. 32.) Defendants move to stay discovery and to vacate the remaining deadlines in the Court's Discovery and Scheduling Order pending resolution of Defendants' motion for summary judgment on the issue of exhaustion. (*Id.*) Plaintiff has not yet filed a response, but the Court finds a response unnecessary and the motion is deemed submitted. Local Rule 230(l).

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

Defendants state that the application should be granted because the Court requires no additional information to rule on the pending motion for summary judgment, Plaintiff would not be prejudiced by a stay of discovery, and if the pending motion for summary judgment is granted, the entire matter would be disposed of. (ECF No. 32.) If Defendants are required to engage in discovery proceedings, that is time and effort that would be wasted if Defendants' motion for summary judgment is ultimately granted and the case dismissed. In addition, Defendants exercised due diligence in bringing the motion for summary judgment and the instant application well before the close of discovery. Vacating the discovery and dispositive motion deadlines will avoid the expenditure of resources by the parties in conducting discovery and filing motions concerning the merits of the case. (*Id.*)

Having considered Defendants' moving papers, the Court finds good cause to modify the Discovery and Scheduling Order to stay <u>merits-based</u> discovery and to vacate the discovery and dispositive motion deadlines. The Court finds it would be an efficient use of the resources of the Court and the parties to address any exhaustion issues prior to reaching the merits of this action. The Court further notes that a stay of <u>merits-based</u> discovery does not prevent the parties from

conducting any further discovery needed to address the issue of whether Plaintiff exhausted his administrative remedies, particularly in light of the pending deadline for the filing of any supplemental opposition by Plaintiff.  Finally, the Court finds that the relief granted here will not result in prejudice to Plaintiff.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' *ex parte* application to stay discovery and vacate discovery and dispositive motion deadlines pending ruling on motion for summary judgment, (ECF No. 32), is GRANTED;
2. Merits-based discovery (not including discovery related to the issue of exhaustion) is STAYED;
3. The discovery and dispositive motion deadlines are VACATED; and
4. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaustion administrative remedies.

IT IS SO ORDERED.

Dated:   **November 22, 2023**                         _____
UNITED STATES MAGISTRATE JUDGE

3